# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | |
|---|---|
| RAYMOND L. REYNOLDS, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 2:23-cv-00135 |
| v. | |
| R1 RCM, INC. d/b/a MEDICAL FINANCIAL SOLUTIONS, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

**NOW COMES** RAYMOND L. REYNOLDS ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of R1 RCM, INC. d/b/a MEDICAL FINANCIAL SOLUTIONS ("Defendant") as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

2.      "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

1

3.      As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4.      The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

7.      Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Canyon, Texas.

8.      Defendant is a corporation that specializes in the collection of medical debt owed to third party medical service providers.

9.      Defendant maintains its principal place of business in Murray, Utah.

## FACTUAL ALLEGATIONS

10.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9526.

11.     At all times relevant, Plaintiff's number ending in 9526 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

12.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

13.     Prior to the events giving rise to this action, Plaintiff received emergency medical services from a local hospital.

14.     Due to financial constraints, Plaintiff was unable to pay for the medical services ("subject debt").

15.     At some point in time, the subject debt was placed with Defendant for collection.

16.     In 2021, Plaintiff started receiving collection calls from Defendant in an attempt to collect the subject debt.

17.     On multiple occasions, Plaintiff answered Defendant's collection calls and offered to pay $100 per month towards the subject debt.

18.     In response, Defendant refused Plaintiff's offer and demanded that Plaintiff pay at least $300 per month, which was unfeasible for Plaintiff.

19.     Despite Plaintiff's good faith efforts to pay the subject debt, Defendant continued pounding Plaintiff with collection calls.

20.     Frustrated with Defendant's incessant collection calls, Plaintiff answered multiple collection calls from Defendant and requested that the collection calls cease.

21.     Plaintiff's requests that the collection calls cease fell on deaf ears and Defendant continued placing harassing collection calls to Plaintiff's cellular phone, including calls from the phone number (844) 972-0692 and other "unknown" numbers.

22.     In the calls that Plaintiff did not answer, Defendant would leave prerecorded voicemails on Plaintiff's cellular telephone stating:

> "*Hello…Hello this is a time sensitive message from R1 RCM Inc., doing business as Medical Financial Solutions, an extended business office of American Physician Partners. Please call us back at your earliest convenience, toll-free, at (844) 972-0692, between the hours of 9 AM to 6 PM Monday through Friday, Eastern Standard Time. Once again, that number is (844) 972-0692.*"

3

23.     It was clear to Plaintiff that Defendant's voicemails utilized an artificial and/or prerecorded voice as (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration; (3) there was an approximate two-second pause/silence between the first "Hello" and the second "Hello" in all voicemails, (4) all voicemails contained the distinct double "Hello"; (5) the voicemails were all monotone and were conspicuously not left by a live representative; (6) none of the voicemails identified Plaintiff by name; and (7) all voicemails directed Plaintiff to call a toll free number to speak to an unidentified representative.

24.     In total, Defendant placed dozens of prerecorded collection calls ("robocalls") to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

25.     At no point in time did Plaintiff provide his cellular phone number to Defendant or otherwise consent to Defendant's phone calls.

## DAMAGES

26.     Defendants' robocalls invaded Plaintiff's privacy and caused Plaintiff damages, including: aggravation that accompanies unwanted robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

27.     Moreover, each time Defendant placed a robocall to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

28.    Due to Defendant's refusal to honor Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease their abusive collection practices.

## CLASS ALLEGATIONS

29.    All previous Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a collection call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this complaint through the date of class certification.

31.    The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Nationwide have been fully and finally adjudicated and/or released.

**A.    Numerosity**

32.    Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

5

33.     The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

34.     The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

35.     The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.      Commonality and Predominance**

36.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

37.     Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.      Typicality**

38.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.      Superiority and Manageability**

39.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

40.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

41.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

42.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.    Adequate Representation**

43.    Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

44.    Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

45.    Plaintiff has retained competent and experienced counsel in consumer class action litigation.

<u>**CLAIMS FOR RELIEF**</u>

**COUNT I:**
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

46.    All previous Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47.    Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) because he is an individual.

48.    Defendant is a "person" as defined by 47 U.S.C. § 153(39) because it is a corporation.

49.    Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

50.    Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing dozens of non-emergency robocalls to Plaintiff's cellular phone number utilizing an artificial or prerecorded voice without Plaintiff's prior consent.

51.    As pled above, Defendant used an artificial or prerecorded voice which automatically played upon the call reaching Plaintiff's voicemail.

52.    Defendant did not have consent to place calls to Plaintiff's cellular phone because (1) Plaintiff never provided his number to Defendant or otherwise consented to Defendant's calls, and (2) Plaintiff revoked any prior consent that Defendant may have believed it had by requesting that the collection calls cease on multiple occasions.

53.    Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

54.    Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize profits at the expense of Plaintiff and the Putative Class.

55.    As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, requests the following relief:

A.    an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B.    an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C.    an order enjoining Defendant from placing further violating calls to Plaintiff and other similarly situated consumers;

8

    D.      an award  of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

    E.      an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

    F.      an award of such other relief as this Court deems just and proper.

**COUNT II:**
**Violations of the Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)**
**(Plaintiff individually)**

56.    All previous Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

57.    Plaintiff is a "consumer" as defined by § 392.001(1) of the TDCA because he is an individual who has a consumer debt.

58.    Defendant is a "debt collector" as defined by § 392.001(6) of the TDCA because it directly or indirectly engages in debt collection, including the collection of a medical debt allegedly owed by Plaintiff.

59.    Subsection 392.302(4) of the TDCA provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

(4)    Causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

60.    Defendant violated § 392.302(4) of the TDCA by placing incessant collection calls to Plaintiff's cellular phone number after Plaintiff repeatedly requested that the calls cease.

61.    Defendant's conduct in continuing to pound Plaintiff with collection calls after it was requested to cease such calls demonstrates Defendant's intent to harass Plaintiff.

62.    Defendant's unwanted collection calls were designed to harass Plaintiff into making payment on the subject debt.

63.    Plaintiff was harassed by Defendant's collection calls and suffered damages as a result of Defendant's abusive conduct.

**WHEREFORE**, Plaintiff requests the following relief:

A.    a finding that Defendant violated. § 392.302(4) of the TDCA;

B.    an order enjoining Defendant from placing collection calls to Plaintiff pursuant to § 392.403(a)(1) of the TDCA;

C.    an award of actual damages in an amount to be determined by the jury;

D.    an award of reasonable attorney's fees and costs; and

E.    any further relief this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: August 15, 2023                                             Respectfully Submitted,

**RAYMOND L. REYNOLDS**

/s/ *Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*